IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW M. PHLIPOT, :
:
Petitioner, :
:
v. : Civ. A. No. 14-383-RGA
:
G.R. JOHNSON, Warden, :
and ATTORNEY GENERAL :
OF THE STATE OF DELAWARE, :
:
Respondents. :

ORDER

At Wilmington this 7th day of August, 2014;

IT IS ORDERED that:

Petitioner Matthew M. Phlipot's Motion to Compel his former trial counsel to surrender emails trial counsel sent to the prosecutor during trial counsel's representation of Petitioner is **DENIED**. (D.I. 3) Petitioner contends that the emails he seeks "are necessary to argue the issues" in his § 2254 Petition and that the emails are "his property." (D.I. 3 at 1, ¶ 4). Petitioner asserts that his former defense counsel "is attempting to frustrate [Petitioner's] attempt to complete a meritorious and complete habeas [petition] attacking [defense counsel's] ineffectiveness during pretrial, trial, and sentencing." (D.I. 3 at 1, ¶ 5).

Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a federal habeas judge may authorize a party to conduct discovery under the Federal Rules of Civil procedure only if the judge determines there is "good cause" for such discovery. See Rule 6(a), 28 U.S.C. foll. § 2254. "The burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its

production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011).

Until such time as the State files a response, and provides the relevant state court records, the Court will not evaluate whether there is any need to expand the record. Unless there is a need to expand the record, Petitioner cannot demonstrate good cause. Thus, his motion is premature.

The Court concludes that Petitioner has failed to demonstrate "good cause" for granting his discovery request. *See* Rule 6(a) & (b), 28 U.S.C. foll. § 2254. Accordingly, the Motion to Compel is denied.

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE